# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEWAYNE M. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 3291 |
| v. ) | |
| ) | Judge John W. Darrah |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, DeWayne M. Thomas, filed an application for Title XVI supplemental security income benefits on April 22, 1994, alleging he was disabled beginning on September 15, 1992, due to joint dislocations and joint pain. Plaintiff's application and his subsequent request for reconsideration were denied. Plaintiff filed a Request for Hearing, which was granted. In March 1998, Administrative Law Judge ("ALJ") James E. Lanter issued a decision that Plaintiff was disabled but only during the period from March 24, 1994, to July 1, 1996. Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council. The Appeals Council granted Plaintiff's request for review and remanded the matter for additional medical review and a new hearing.

On January 9, 2003, at the administrative remand hearing, Plaintiff, along with Dr. George Nelson Weilipp (a medical expert) and Charles R. Poor (a vocational expert) testified. Plaintiff also amended the alleged onset date of his disability to November 1, 2000. ALJ Thomas G. Norman denied Plaintiff's disability application, finding that Plaintiff was not disabled. Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council, which was denied. In June 2006, Plaintiff filed a Complaint, requesting review of the final determination. On

March 22, 2006, this Court denied both parties' motions for summary judgment and granted Plaintiff's Motion to Remand. The decision of the ALJ was vacated, and the proceeding was remanded for further proceedings. Presently pending before the Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").[1]

The EAJA provides that a district court may award attorney's fees to a successful litigant if: (1) he was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances existed that would make an award unjust, and (4) he timely filed an application with the district court. *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (*Cunningham*). It is undisputed that the only issue before the Court is whether the Government's position was substantially justified.

Attorney's fees may be awarded if the Commissioner's pre-litigation conduct or litigation position lacked substantial justification. The Commissioner's pre-litigation conduct includes the ALJ's decision. *See Cunningham*, 440 F.3d at 863-4. The Commissioner's position is substantially justified if it has "reasonable factual and legal bases, and there . . . exist[s] a reasonable connection between the facts and [his] legal theory." *Cunningham*, 440 F.3d at 864. The burden of establishing that the Commissioner's position was substantially justified lies with the Commissioner. *See Cunningham*, 440 F.3d at 864.

---

[1] The complete history of the case and the Court's findings are fully set forth in the Court's previous Memorandum Opinion and Order and are not repeated here.

2

Plaintiff argues that the Commissioner lacked substantial justification in the pre-litigation action because the ALJ failed to make a specific basis for his credibility finding as required by SSR 96-7p and because the ALJ failed to follow SSR 00-4p and to ascertain whether the vocational expert's ("VE") testimony conflicted with the Dictionary of Occupational Titles ("DOT").

In the present case, ALJ Norman found that the Plaintiff's testimony and statements were not credible and not supportive of the objective medical evidence of the record and the record as a whole. Although ALJ Norman gave lengthy consideration to the Plaintiff's overall claim, ALJ Norman failed to make a specific, articulated basis for his credibility finding. ALJ Norman cited what was considered in determining Plaintiff's credibility; however, the necessary degree of specificity was lacking. For example, ALJ Norman did not state what testimony of the Plaintiff was not credible and why this was the case, only that his testimony, as a whole, when taken into consideration with the record and the above-mentioned data, was not credible.

An ALJ's determination or decision on credibility must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave the individual's statements and the reasons for that weight." SSR 96-7p. An ALJ's credibility determination must contain more explanation than a simple reference to the factors considered in making the determination. *See Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (*Halter*) (reference to plaintiff's inconsistent testimony without elaboration on the specifics of the inconsistencies constituted legal error).

Based on the above, the ALJ failed to follow well-established law.

In addition to the above error, the Defendant conceded that ALJ Norman erred by failing to compare the VE's testimony to the DOT. However, the Defendant argued that ALJ Norman's failure to compare the testimony to the DOT was harmless because it did not affect the outcome of the case.

An ALJ has an affirmative duty to ascertain whether the VE's testimony is consistent with the DOT. *See* SSR 00 - 4p; 65 FR 75759, 75760 ("[A]s part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is a conflict between the VE's testimony and the DOT."); *see also, Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (*Prochaska*). However, an ALJ's failure to make such a determination is harmless if it does not affect the outcome of the case. *See e.g., Sanchez v. Barnhart*, 467 F.3d 1081, 1082-83 (7th Cir. 2006) ("in administrative as in judicial proceedings, errors if harmless do not require (or indeed permit) the reviewing court to upset the agency's decision."). A reviewing court may remand an ALJ's decision if it is not clear from the record whether the ALJ committed harmless error by failing to compare the testimony of a VE to the DOT. *See Prochaska*, 454 F.3d at 736 (remanding case for determination of whether the ALJ had committed harmless error by failing to compare VE's testimony to the DOT in order to determine the presence of any inconsistencies).

ALJ Norman failed to ascertain whether the VE's testimony was consistent with the DOT, nor could it be determined from the record whether the VE's testimony was consistent with the DOT. Accordingly, the issue was remanded for further proceedings. The ALJ, again, failed to follow well-established law.

Based on the above errors of established law, the Commissioner's position was not substantially justified.

4

Plaintiff seeks an hourly rate of $160 per hour for 39.65 hours of work performed in 2006 and 2007. These hourly rates and number of hours expended are reasonable. Plaintiff also seeks paralegal and law clerk fees at the rate of $100.00 per hour for a total of 5.5 hours of work. Work performed by paralegals and law clerks is compensable under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 285-88 (1989); *Rohan v. Barnhart*, 306 F. Supp. 2d 756, 774 (N.D. Ill. 2004). These hourly rates and hours expended are reasonable.[2] Plaintiff provided detailed time records for these attorney's fees and law clerk/paralegal work.

For the foregoing reasons, Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is granted. Plaintiff is awarded a total of $6,184.00 in fees.

Dated: September 19, 2007

JOHN W. DARRAH
United States District Court Judge

---

[2]Defendant does not dispute the reasonableness of fees sought nor the hours worked in its response brief.